IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | IN PROCEEDINGS UNDER CHAPTER 7 |
| ) | |
| CAROLYN BRIDGES, ) | No.          10-31312 |
| ) | |
|     Debtor. ) | |
| ) | Adv. No. |
| CAROLYN BRIDGES, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| G.E. MONEY BANK, ) | |
| ) | |
|     Defendant. ) | |

**COMPLAINT**
**TO ENFORCE THE AUTOMATIC STAY**
**AND TO RECOVER PREFERENTIAL TRANSFERS**

**COUNT I – VIOLATION OF AUTOMATIC STAY**

    COMES NOW the Plaintiff CAROLYN BRIDGES by Karl J. Wulff, her attorney, and for Count I of her Complaint states to the Court as follows:

    1.    That this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 157.  This matter is a core proceeding.

    2.    That Plaintiff filed for relief under Chapter 7 of the Bankruptcy Code on May 18, 2010.

    3.    That Defendant G.E. MONEY BANK is listed on the original Schedule F filed herein as an unsecured creditor.

    4.    That Defendant G.E. MONEY BANK has, since the filing of the Petition herein and with record and actual notice of the pending bankruptcy case, continued to employ process to obtain and has received funds from the Debtor's payroll account pursuant to a wage garnishment summons issued in <u>G.E. Money Bank v. Carolyn Bridges</u>, Case Number 09-SC-2219, Madison County Circuit Court,

State of Illinois totaling $463.00.

5. That the afore-stated actions of G.E. MONEY BANK with both record and actual notice of the bankruptcy proceeding represent several separate willful violations of the automatic stay.

6. That Debtor has been caused embarrassment and distress as a direct result of the actions taken by G.E. MONEY BANK in violation of the automatic stay.

7. That, upon information and belief, the address on the Notice of Commencement and the address at which this Complaint is being served are the same address as that contained in at least two communications sent to the Plaintiff within 90 days before the commencement of the case in satisfaction of the requirements set forth at 11 U.S.C. §342(c)(2)(A), in addition to which the undersigned has "brought to the attention of [the] creditor" the matter at issue in conformance with 11 U.S.C. §342(g) and monetary penalties may therefore be imposed under 11 U.S.C. §342(g)(2) and 11 U.S.C. §362(k)(1).

WHEREFORE, Plaintiff prays that this Court enter judgment against G.E. MONEY BANK in the amount of $463.00 and also enter an order requiring Defendant G.E. MONEY BANK to appear and show cause, if any it may have, why it should not be sanctioned for violating the Order for Relief entered herein, and for all other and further relief as the Court deems appropriate in the premises.

### COUNT II – RECOVERY OF PREFERENTIAL TRANSFER

COMES NOW the Plaintiff CAROLYN BRIDGES by Karl J. Wulff, her attorney, and for Count II of her Complaint states to the Court as

follows:

8. Plaintiff restates and re-alleges the allegations contained in Paragraphs 1 through 7 of Count I of the Complaint as though set forth fully herein.

9. That, upon information and belief, during the 90-day period immediately preceding the petition date G.E. MONEY BANK received funds from the Debtor's payroll account pursuant to a wage garnishment summons entered in G.E. Money Bank v. Carolyn Bridges, Case Number 09-SC-2219, Madison County Circuit Court, State of Illinois totaling $900.75.

10. That the said transfer of these funds to G.E. MONEY BANK is avoidable by the Trustee under 11 U.S.C. §547(b).

11. That 11 U.S.C. §522(h) provides that the debtor may avoid a transfer that is avoidable by the trustee under 11 U.S.C. §547 if the trustee does not attempt to avoid such transfer.

WHEREFORE, Plaintiff prays that this Court enter judgment against G.E. MONEY BANK in the amount of $900.75 and for all other and further relief as the Court deems appropriate in the premises.

/s/ KARL J. WULFF
_____
KARL J. WULFF, #06244158
Attorneys for Debtor
904 Vandalia Avenue
Collinsville, IL 62234
(618) 345-6966
(618) 345-0705 FAX